**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1244

LIANG NIO GAN,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-473-528)

Submitted:  August 18, 2004          Decided:  August 26, 2004

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

Petition dismissed in part; denied in part by unpublished per curiam opinion.

Herbert G. Fogle, Jr., Atlanta, Georgia, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Richard M. Evans, Assistant Director, Carl H. McIntyre, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Liang Nio Gan, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of her application for asylum and withholding of removal.

Gan first challenges the Board's finding that her asylum application was untimely with no showing of changed or extraordinary circumstances excusing the late filing. See 8 U.S.C. § 1158(a)(2)(B) (2000); 8 C.F.R. § 1208.4(a)(4), (5) (2004). We conclude we lack jurisdiction to review this claim. See 8 U.S.C. § 1158(a)(3) (2000).

While we do not have jurisdiction to consider the Board's denial of Gan's asylum claim, we retain jurisdiction to consider the denial of her request for withholding of removal, which is not subject to the one-year time limitation. See 8 C.F.R. § 1208.4(a) (2004). "To qualify for withholding of removal, a petitioner must show that [s]he faces a clear probability of persecution because of h[er] race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we conclude substantial evidence supports the finding that Gan has failed to meet this standard.

Accordingly, we dismiss the petition for review in part and deny it in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART;
DENIED IN PART